(93 Misc. Rep. 78)

MILGRIM v. COON et al.

(Supreme Court, Appellate Term, First Department.   December 30, 1915.)

1. BAILMENT ⬤⟳18—STATUTORY LIENS—REPAIRS AND LABOR.
    Where a machine shop makes repairs on an automobile as ordered by an employé of plaintiff, the order being within the scope of his regular employment, the shop has a lien for the value of labor and materials furnished upon the automobile, under Lien Law (Consol. Laws, c. 33, art. 8) § 180, providing that one who makes, alters, repairs, or enhances the value of personal property at the request or with the consent of the owner has a lien on such article for his charges, and may retain possession thereof until the charges are paid.
    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81–84; Dec. Dig. ⬤⟳18.]

2. BAILMENT ⬤⟳18—STATUTORY LIENS—REPAIRS AND LABOR.
    The employé in such case acquired no lien upon the automobile under such statute.
    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81–84; Dec. Dig. ⬤⟳18.]

3. MASTER AND SERVANT ⬤⟳66—ACTION AGAINST SERVANT.
    Where a machine shop made repairs on an automobile as ordered by an employé of plaintiff, the order being within the scope of his regular employment, and the shop held the automobile, claiming a lien thereon, no cause of action could be shown by the master against the employé for his acts causing the alleged wrongful withholding of the automobile.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 74; Dec. Dig. ⬤⟳66.]

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles Milgrim against Charles Coon, doing business as the Drenco Machine Company, and another, in which the Drenco Machine Company, Incorporated, intervenes. From a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed as to defendant Boylan, and new trial ordered as to defendant Drenco Machine Company.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Roger J. Heisler, of New York City, for appellants.

Morrison & Schiff, of New York City (Jacob R. Schiff, of New York City, of counsel), for respondent.

PHILBIN, J. The plaintiff brought this action in replevin to recover the possession of an automobile owned by it, alleged to have been wrongfully withheld by the defendants Coon and Boylan. Subsequent to the bringing of the action the defendant Drenco Machine Company was allowed to intervene as a party defendant, because of its claim that it held possession of the said property by virtue of a lien under the Lien Law (section 180, art. 8, c. 33, of the Consolidated Laws).

[1-3] It was uncontradicted that the said Drenco Machine Company did do certain work on said automobile at its garage, before it was taken from its possession under the writ of replevin; but it is claimed by the plaintiff that such work was done without his request or consent. The said company insists that the work was done under the direction of the defendant Boylan as the duly authorized agent or servant of the plaintiff.

The plaintiff claimed that said Boylan was not his employé, but was an independent contractor engaged by plaintiff to make repairs to the automobile, and that, therefore, any repairs made or materials furnished by the defendant company were for the defendant Boylan, and not the plaintiff. The trial court found in favor of the contention made by the plaintiff, and held the latter was entitled to the possession of the automobile free from any lien of said company, but subject to a lien of $91 in favor of the defendant Boylan. Judgment was rendered accordingly.

I think the proof permits of no other conclusion than that said Boylan was the employé or agent of the plaintiff at a fixed salary, and was acting within the scope of his employment when he placed the machine in the garage of the defendant company and allowed or directed it to make repairs. The defendant company, therefore, had a lien upon said automobile for the proper value of any labor or materials furnished by it. The defendant Boylan acquired no such lien, and there was no cause of action established against him.

Judgment reversed and complaint dismissed as to defendant Boylan, with $15 costs, and judgment reversed and new trial ordered, with $15 costs to the defendant Drenco Machine Company to abide the event. All concur.